# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/21/2015
CT Log Number 526983996

**TO:** Stacie Simpson
Navigant Consulting
100 American Metro Blvd Ste 108, Pace Claim Services, Llc
Hamilton, NJ 08619-2319

**RE:** **Process Served in Delaware**

**FOR:** Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John E. Haskins and Mary L. Haskins, Pltfs. vs. 3M Company, etc., et al. including Crane Co., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Charleston County - Ninth judicial Court of Common Pleas, SC Case # 15CP102211 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/21/2015 postmarked on 04/17/2015 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | W. Christopher Sweett Motley Rice LLC 28 Bridgeside Blvd. PO Box 650001 Mt. Pleasant, SC 29465 843-216-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/22/2015, Expected Purge Date: 04/27/2015 Image SOP Email Notification, Stacie Simpson PACEservice@paceclaims.com Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 Orange Street Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / JT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

UNITED STATES POSTAGE
PITNEY BOWES
02 1R
0002010068
$ 07.40°
APR 17 2015
MAILED FROM ZIP CODE 29464

7012 3460 0000 1261 5257



**MotleyRice**® LLC
ATTORNEYS AT LAW

28 Bridgeside Blvd.
Mount Pleasant, SC 29464

ADDRESS SERVICE REQUESTED

Crane Co...
c/o The Corporation Trust Company
1209 N. Orange Street
Wilmington, DE 19801



**MotleyRice®** LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**W. Christopher Swett**
*Licensed in DC, MN, SC, WV*
direct: 843.216.9149
cswett@motleyrice.com

April 17, 2015

**CERTIFIED MAIL - RRR**
Crane Co.
c/o The Corporation Trust Company
1209 N. Orange Street
Wilmington, DE  19801

RE:    John E. Haskins and Mary L. Haskins v. 3M Company, et al.
C/A No. 15-CP-10-2211

Dear Sirs:

You will please find enclosed a **Summons** and **Complaint** in the above-referenced case in which **Crane Co., Individually and as successor in interest to Chapman Valve Manufacturing Company** is a defendant.  You are being served pursuant to the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803.

Sincerely,

W. Christopher Swett

WCS/jd
Enclosure

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| John E. Haskins and Mary L. Haskins, ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | 2015- CP -10- 2211 |
| vs. ) | |
| 3M Company, et al., ) | |
| Defendant(s) ) | |

| | |
|---|---|
| (Please Print) | SC Bar #: 078251 |
| Submitted By: W. CHRISTOPHER SWTT | Telephone #: 216-9000 |
| Address: MOTLEY RICE LLC | Fax #: 216-9450 |
| 28 BRIDGESIDE BLVD. | Other: |
| MT. PLEASANT, SC 29464 | E-mail: cswett@motleyrice.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (Check all that apply)
*If Action is Judgment/Settlement do not complete

[X] JURY TRIAL demanded in complaint.    [ ] NON-JURY TRIAL demanded in complaint.
[ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Assault/Slander/Libel (300) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Conversion (310) | [ ] Condemnation (410) |
| [ ] Employment (120) | [ ] Medical Malpractice (220) | [ ] Motor Vehicle Accident (320) | [ ] Foreclosure (420) |
| [ ] General (130) | [ ] Notice/ File Med Mal (230) | [ ] Premises Liability (330) | [ ] Mechanic's Lien (430) |
| [ ] Breach of Contract (140) | [ ] Other (299) | [ ] Products Liability (340) | [ ] Partition (440) |
| [ ] Other (199) | | [X] Personal Injury (350) | [ ] Possession (450) |
| | | [ ] Wrongful Death (360) | [ ] Building Code Violation (460) |
| | | [ ] Other (399) | [ ] Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Death Settlement (700) | [ ] Reinstate Driver's License (800) | [ ] Arbitration (900) |
| [ ] Sexual Predator (510) | [ ] Foreign Judgment (710) | [ ] Judicial Review (810) | [ ] Magistrate-Civil (910) |
| [ ] Mandamus (520) | [ ] Magistrate's Judgment (720) | [ ] Relief (820) | [ ] Magistrate-Criminal (920) |
| [ ] Habeas Corpus (530) | [ ] Minor Settlement (730) | [ ] Permanent Injunction (830) | [ ] Municipal (930) |
| [ ] Other (599) | [ ] Transcript Judgment (740) | [ ] Forfeiture (840) | [ ] Probate Court (940) |
| | [ ] Lis Pendens (750) | [ ] Other (899) | [ ] SCDOT (950) |
| | [ ] Other (799) | | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Administrative Law Judge (980) |
| Special/Complex /Other | | | [ ] Public Service Commission (990) |
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | | [ ] Employment Security Comm (991) |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | | [ ] Other (999) |
| [ ] Medical (620) | [ ] Out-of State Depositions (650) | | |
| [ ] Other (699) | | | |

Submitting Party Signature: _W. Chris Swett_    Date: _April 17_ 2015

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (8/06)    Page 1 of 2

STATE OF SOUTH CAROLINA      )      IN THE COURT OF COMMON PLEAS
                             )
COUNTY OF CHARLESTON         )      NINTH JUDICIAL CIRCUIT

JOHN E. HASKINS and MARY L. HASKINS,  )
                                      )      C/A No. 15-CP-10-_2211_
            Plaintiffs,               )
                                      )      Navy Fireman; Mesothelioma
      v.                              )
                                      )
3M COMPANY                            )
A.W. CHESTERTON COMPANY               )      **SUMMONS FOR RELIEF**
AIR & LIQUID SYSTEMS CORPORATION,     )
   Successor by Merger to Buffalo Pumps, Inc.  )      Plaintiffs Demand
CARRIER CORPORATION                   )      A Jury Trial
CBS CORPORATION  f/k/a Viacom, Inc.,  )
   Successor by Merger to CBS Corporation f/k/a  )
   Westinghouse Corporation           )
CHARLESTON RUBBER & GASKET CO., INC.  )
CRANE CO. Individually and as successor in  )
   Interest to Chapman Valve Manufacturing  )
   Company                            )
CROWN, CORK & SEAL COMPANY USA,       )
   INC. f/k/a Crown, Cork & Seal Co.  )
DANA COMPANIES, LLC                   )
FMC CORPORATION, Individually And as  )
   Successor in Interest to Northern Pump  )
   Company                            )
FOSTER WHEELER ENERGY                 )
CORPORATION                           )
GARDNER DENVER, INC.                  )
GENERAL ELECTRIC COMPANY              )
GOODRICH CORPORATION f/k/a B.F.       )
   Goodrich Company                   )
THE GOODYEAR TIRE AND RUBBER          )
   COMPANY                            )
HONEYWELL INTERNATIONAL, INC. f/k/a   )
   Allied-Signal, Inc., f/k/a Allied Corporation,  )
   Successor to Bendix Corporation    )
IMO INDUSTRIES, INC.                  )
INGERSOLL RAND COMPANY                )
INGERSOLL RAND COMPANY f/k/a Terry    )
   Steam Turbine Company              )
JOHN CRANE, INC.                      )
LESLIE CONTROLS, INC.                 )
MCNALLY INDUSTRIES, INC.              )



METROPOLITAN LIFE INSURANCE )
  COMPANY )
MINE SAFETY APPLIANCES COMPANY )
THE NASH ENGINEERING COMPANY )
OWENS-ILLINOIS, INC. )
SEPCO CORPORATION )
UNION CARBIDE CORPORATION )
UNIROYAL, INC. )
WARREN PUMPS, INC. )
WEIR VALVES & CONTROLS USA, Inc. )
  Individually and as successor in interest to )
  Atwood & Morrill Co., Inc. )
                                 )
                Defendants. )
                                 )

TO THE DEFENDANTS ABOVE-NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed at their office at 28 Bridgeside Blvd., Mt. Pleasant, South Carolina, 29464, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, plaintiff in this action will apply to the Court for the relief demanded in this Complaint.

                                      MOTLEY RICE LLC

                                      W. Christopher Swett
                                      Plaintiffs' Attorney

Apr. 17 , 2015
Mt. Pleasant, South Carolina

STATE OF SOUTH CAROLINA     )
                                  )
COUNTY OF CHARLESTON       )

|  |  |
|---|---|
| **IN THE COURT OF COMMON PLEAS** | |
| **NINTH JUDICIAL CIRCUIT** | |

JOHN E. HASKINS and MARY L. HASKINS,   )
                                    )
           Plaintiffs,               )
                                    )
          v.                       )
                                    )

C/A No. 15-CP-10- 22) (

Navy Fireman; Mesothelioma

3M COMPANY
   A Minnesota Corporation

A.W. CHESTERTON COMPANY
   A Massachusetts Corporation

AIR & LIQUID SYSTEMS CORPORATION,
   Successor by Merger to Buffalo Pumps, Inc.
   A Pennsylvania Corporation

CARRIER CORPORATION
   A Delaware Corporation

CBS CORPORATION  f/k/a Viacom, Inc.,
   Successor by Merger to CBS Corporation f/k/a
   Westinghouse Corporation
   A Delaware Corporation

CHARLESTON RUBBER & GASKET CO., INC.
   A South Carolina Corporation

CRANE CO. Individually and as successor in
   Interest to Chapman Valve Manufacturing
   Company
   A Delaware Corporation

CROWN, CORK & SEAL COMPANY USA,
   INC. f/k/a Crown, Cork & Seal Co.
   A New York Corporation

DANA COMPANIES, LLC
   A Virginia Corporation

FMC CORPORATION, Individually And as
   Successor in Interest to Northern Pump
   Company

**COMPLAINT**
(Personal Injury)

Plaintiffs Demand
A Jury Trial

A Delaware Corporation                                    )
FOSTER WHEELER ENERGY CORPORATION   )
A Delaware Corporation                                    )
                                                          )
GARDNER DENVER, INC.                                      )
A Delaware Corporation                                    )
                                                          )
GENERAL ELECTRIC COMPANY                                  )
A New York Corporation                                    )
                                                          )
GOODRICH CORPORATION f/k/a B.F.                           )
   Goodrich Company                                       )
A New York Corporation                                    )
                                                          )
THE GOODYEAR TIRE AND RUBBER                              )
   COMPANY                                                )
An Ohio Corporation                                       )
                                                          )
HONEYWELL INTERNATIONAL, INC. f/k/a                       )
   Allied-Signal, Inc., f/k/a Allied Corporation,         )
   Successor to Bendix Corporation                        )
A Delaware Corporation                                    )
                                                          )
IMO INDUSTRIES, INC.                                      )
A Delaware Corporation                                    )
                                                          )
INGERSOLL RAND COMPANY                                    )
A New Jersey Corporation                                  )
                                                          )
INGERSOLL RAND COMPANY f/k/a Terry                        )
   Steam Turbine Company                                  )
A New Jersey Corporation                                  )
                                                          )
JOHN CRANE, INC.                                          )
A Delaware Corporation                                    )
                                                          )
LESLIE CONTROLS, INC.                                     )
A Delaware Corporation                                    )
                                                          )
MCNALLY INDUSTRIES, INC.                                  )
A Delaware Corporation                                    )
                                                          )
METROPOLITAN LIFE INSURANCE                               )
   COMPANY                                                )
A New York Corporation                                    )

MINE SAFETY APPLIANCES COMPANY )
A Pennsylvania Corporation )
)
OWENS-ILLINOIS, INC. )
A Delaware Corporation )
)
THE NASH ENGINEERING COMPANY )
A Connecticut Corporation )
)
SEPCO CORPORATION )
A California Corporation )
)
UNION CARBIDE CORPORATION )
A New York Corporation )
)
UNIROYAL, INC. )
A New Jersey Corporation )
)
WARREN PUMPS, INC. )
A Delaware Corporation )
)
WEIR VALVES & CONTROLS USA, Inc. )
    Individually and as successor in interest to )
    Atwood & Morrill Co., Inc. )
A Massachusetts Corporation, )
)
               Defendants. )
_____ )

     Now come Plaintiffs John E. Haskins and Mary L. Haskins, citizens and residents of the
State of Massachusetts, and sue the defendants, and allege as follows:

## JURISDICTION

     1.     That as is evidenced by the caption of the instant Complaint which is specifically
incorporated herein, some of the defendants are foreign corporations who are amenable to jurisdic-
tion in the Courts of South Carolina by virtue of their respective contacts with the State of South
Carolina and/or their respective conduct of substantial and/or systematic business in South
Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South
Carolina Long Arm Statute, as well as the due process clause of the United States and South
Carolina Constitutions.

     Each defendant mines, manufactures, processes, imports, converts, compounds, supplies
and/or retails substantial amounts of asbestos and asbestos-related materials which are sold,
distributed and used in South Carolina.

Plaintiff was exposed to various asbestos-containing products while working in various locations in South Carolina.

That certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina.

That mesothelioma is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to plaintiff's contraction of his mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

Venue is proper in this Court pursuant to S.C. Code §15-7-30(B), as the most substantial part of the actions and omissions giving rise to this action occurred in Charleston County, and defendant Charleston Rubber and Gasket Co., Inc. maintained its principal place of business within the state in Charleston County.

## FOR A FIRST CAUSE OF ACTION

2.    Defendants, and each of them, are or at time relevant hereto, were miners, manufacturers, processors, importers, converters, compounders, suppliers, and/or retailers of asbestos and asbestos-related materials, including asbestos-containing maritime materials.

3.    The defendants, acting through their agents, servants, and/or employees cause and have caused in the past certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by plaintiff.

4.    Plaintiff was a Navy fireman, who for a long period of time, while serving in the United States Navy while stationed at the Charleston Naval Shipyard in South Carolina, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded. Supplied, and/or sold by the defendants, some of the exposure being within the State of South Carolina.

5.    During the course and scope of his employment, plaintiff has been exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6.    The illness and disability of plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

7.    The illness and disability of plaintiff are the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the

asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

(a)    Failed to advise plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

(b)    Failed or omitted to provide plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c)    Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos materials;

(d)    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos materials;

(e)    Inadequately warned, if, in fact, they warned at all, persons such as plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects and up until the present time;

(f)    Did not recommend methods to improve the work environment;

(g)    Did not develop alternative products;

(h)    Continued to use a known cancer causing product, to wit: asbestos;

At all times relevant, it was feasible for defendants to have warned plaintiffs, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

As a result of the negligence, recklessness and willfulness, plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8.    Plaintiff repeats the allegations of the First Cause of Action where relevant.

9.    That subsequent to the time the defendants caused the asbestos products to be sold and/or supplied, and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nevertheless, the defendants negligently and recklessly failed and refused to warn and advise plaintiff of the dangerous characteristics thereof, and the

dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to plaintiff, despite the defendants' knowledge that their asbestos has contaminated plaintiff's buildings and jobsites.

10.    Plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to plaintiff.

11.    That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, plaintiff has been damaged as herein set forth.

## FOR A THIRD CAUSE OF ACTION

12.    Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13.    The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14.    The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein plaintiff carried out his duties as a pipefitter working with asbestos and asbestos-related materials.

15.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to-wit: mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FOURTH CAUSE OF ACTION

16.    Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

17.    Plaintiff further alleges that at the time the defendants, and each of them sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to plaintiff's body.

The above was the proximate cause of the severe damages sustained by plaintiff as hereinafter set forth.

## FOR A FIFTH CAUSE OF ACTION

18.    Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

19.    That at various times from 1929 to the filing of this lawsuit, defendants had actual knowledge of the dangers to plaintiff of asbestos exposure, nevertheless, defendants deliberately, intentionally and purposefully withheld such information from plaintiff, thus denying plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

(a)    Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b)    Never issued recall-type letters or notices to prior users;

(c)    Frustrated the publication of articles on the asbestos health hazards in the literature;

(d)    Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e)    Intentional inadequacy and delay of use of warnings on asbestos products;

(f)    Failed to advise plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g)    Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

20.    The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of plaintiff's injuries and damages hereinafter described, and plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

21.    Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

22.    That during, before and after plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure

to plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as plaintiff. And while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

23.    The foregoing representations were material conditions precedent to plaintiff's continued exposure to asbestos-containing products and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

24.    As a direct and proximate result of plaintiff's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

25.    Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

26.    The defendants had a post-sale duty to warn, which duty was breached and, as a result, plaintiff suffered injury and damages as hereinafter described.

## DAMAGES

27.    As a result of the development of mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products, plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

28.    Plaintiff has further suffered great pain, extreme nervousness and mental anguish as a direct result of the aforesaid injuries.

29.    Plaintiff verily believes that his injuries and illnesses are permanent in nature and that he will be forced to suffer same for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been greatly shortened. Plaintiff alleges that as a result of his injuries and illnesses, he has lost and will continue to lose substantial wages and income.

30.    Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid, all to plaintiff's damage, compensatory and punitive in amounts to be determined by the trier of fact.

WHEREFORE, plaintiffs pray judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and the costs of this action.

## FOR AN EIGHTH CAUSE OF ACTION
## (CONSORTIUM)

31.    Plaintiff repeats the allegations of the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action where relevant.

As a direct and proximate result of the injuries and damages complained of herein with respect to plaintiff John E. Haskins, and as a direct and proximate result of the acts and omissions of the defendants, plaintiff Mary L. Haskins has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband.

## DAMAGES

WHEREFORE, plaintiff Mary L. Haskins verily believes that she is entitled to actual damages against the defendants, jointly and severally, by reason of said loss of consortium and society, proximately caused by the fault of the defendants, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

WHEREFORE, plaintiffs John E. Haskins and Mary L. Haskins pray for judgment against all defendants for actual punitive damages in amounts to be determined by the trier of fact, and costs.

MOTLEY RICE LLC

By: _____
W. Christopher Swett (SC Bar #078251)
28 Bridgeside Blvd.
PO Box 650001
Mt. Pleasant, SC 29465
(843) 216-9000
cswett@motleyrice.com

ATTORNEY FOR PLAINTIFFS

April ____17____, 2015
Mt. Pleasant, South Carolina