IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| John E. Haskins and Mary L. Haskins, | ) | Civil Action No. 2:15-cv-02086-DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT AIR & LIQUID** |
| vs. | ) | **SYSTEMS CORPORATION'S** |
| | ) | **MOTION FOR SUMMARY** |
| 3M Company, et al., | ) | **JUDGMENT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Air & Liquid Systems Corporation, Successor by Merger to Buffalo Pumps, Inc. ("Buffalo"), by and through its undersigned counsel, hereby moves for summary judgment as to all of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 56. In support of this Motion, Buffalo states the following:

1.      Plaintiffs filed this lawsuit on April 17, 2015 in the Charleston County Court of Common Pleas, South Carolina State Court, alleging that Mr. John E. Haskins ("Mr. Haskins") was diagnosed with mesothelioma as the result of his exposure to numerous asbestos-containing products while serving in the United States Navy as a Navy Fireman. Plaintiffs subsequently asserted that Mr. Haskins was occupationally exposed to asbestos in the Navy as a U.S. Navy Fireman and Marine Machinist between 1954 and 1956. On or about May 20, 2015, one of the Defendants filed a Notice of Removal.

2.      The record evidence in this case is undisputed: Plaintiffs have failed to show that Mr. Haskins's work with or around a Buffalo product caused his disease.

3.      Plaintiffs have also failed to establish that Mr. Haskins was exposed to a product (asbestos-containing or otherwise) that was manufactured, designed, sold, or placed into the stream of commerce by Buffalo.

4.      Finally, Plaintiffs also cannot show that Mr. Haskins even has an asbestos-related disease, because the only evidence they had to support that contention, a set pathology slides, were destroyed while they were in Plaintiffs' custody or control.  Buffalo has filed a spoliation motion asking the Court not to permit Plaintiffs' experts from relying on those slides, because Buffalo's experts did not have an opportunity to review or rely on them.  Assuming the Court grants that Motion, Plaintiffs' case against Buffalo may also be dismissed on that independent ground.

5.      Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."

6.      Plaintiffs have failed to establish a genuine issue of material fact because they have not and cannot show that Mr. Haskins's alleged disease was caused by a product associated with Buffalo, and Plaintiffs cannot show that any asbestos-containing product to which Mr. Haskins was allegedly exposed was manufactured, designed, sold, or placed into the stream of commerce by Buffalo.

7.      Furthermore, without the use of the pathology slides they destroyed, Plaintiffs cannot demonstrate that Mr. Haskins even has an asbestos-related disease.

8.      Accordingly, Buffalo is entitled to summary judgment on all of Plaintiffs' claims.

WHEREFORE, Defendant Buffalo respectfully requests entry of summary judgment in its favor and against Plaintiffs and all other Defendants.

*Signature Page Follows*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:     s/Robert O. Meriwether
        Robert O. Meriwether
        Federal Bar No. 1040
        E-Mail: robert.meriwether@nelsonmullins.com
        G. Mark Phillips
        Federal Bar No. 003051
        E-Mail: mark.phillips@nelsonmullins.com
        James B. Glenn
        Federal Bar No. 10366
        E-Mail: jase.glenn@nelsonmullins.com
        1320 Main Street / 17th Floor
        Post Office Box 11070 (29211-1070)
        Columbia, SC  29201
        (803) 799-2000

        Attorneys for Defendant Air & Liquid Systems Corporation,
        Successor by Merger to Buffalo Pumps, Inc.

Columbia, South Carolina

November 18, 2016