**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JOHN E. HASKINS, and MARY L. HASKINS, ) ) ) | |
| Plaintiffs, ) ) | No. 2:15-cv-02086-DCN |
| vs. ) ) | **ORDER** |
| 3M Company, *et al.*, ) ) | |
| Defendants. ) ) | |

This matter is before the court on plaintiffs John E. Haskins ("Mr. Haskins") and Mary L. Haskins's (together, "plaintiffs") motion to reconsider the court's July 21, 2017 order (the "Order") excluding the testimony of Carlos Bedrossian, MD ("Dr. Bedrossian"), ECF No. 218, and defendant Air and Liquid Systems Corporation's ("Air and Liquid Systems") motion for summary judgment. ECF No. 184. For the reasons stated below, the court denies plaintiffs' motion to reconsider and grants Air and Liquid Systems's motion for summary judgment.

- The court makes the following findings with respect to plaintiffs' motion to reconsider:

    o The bulk of plaintiffs' arguments for reconsideration were (1) raised in the initial round of briefing on Air and Liquid Systems's motion to exclude, and (2) adequately addressed in the Order;

    o Plaintiffs' suggestion that Dr. Bedrossian's specific causation opinions were based on his evaluation of the factor by which Mr. Haskins's exposure to Air and Liquid Systems's products increased the probability

1

that he would develop mesothelioma was not presented in response to Air and Liquid Systems's motion to exclude;

- o The court remains convinced that Dr. Bedrossian's testimony is logically indistinguishable from the "every exposure" theory—put differently, the reasons Dr. Bedrossian offers for his conclusion that Mr. Haskins's exposure to Air and Liquid Systems's products was "medically . . . a significant contributing factor," ECF No. 201 at 72:23, would apply to any above-background exposure;

- o The court did not commit any error of law or misapprehension of the facts that would justify reconsideration of the Order; and

- o It is unnecessary to address plaintiffs' request to allow Dr. Bedrossain to testify on the "fundamental scientific facts necessary to a clear understanding of the causation process for mesothelioma," which the court takes to mean general causation, ECF No. 218 at 16–17, given the court's contemporaneous ruling on Air and Liquid Systems's motion for summary judgment.

- The court makes the following findings with respect to Air and Liquid Systems's motion for summary judgment:

  - o In its motion for summary judgment, Air and Liquid Systems argued that plaintiffs had failed to meet "their specific causation burden, because they have not shown, through expert testimony, that asbestos from or in connection to a [Air and Liquid Systems] product specifically caused Mr. Haskins's disease," ECF No. 184 at 14;

2

- o In response to this argument, plaintiffs argued that Dr. Bedrossian's specific causation was "sufficiently reliable to satisfy the Daubert standard," and "[a]s such, [Air and Liquid Systems's] argument is without merit . . . ," ECF No. 186 at 21;

- o Though plaintiffs previously argued that, even if Dr. Bedrossian's specific causation opinion were excluded, "the jury could determine specific causation based on the general opinions and the scientific literature that says low dose and relatively one month of exposure to asbestos is sufficient to cause mesothelioma," ECF No. 201 at 13:13–17, during the February 28, 2017 Daubert hearing, plaintiffs acknowledged that Air and Liquid Systems would be entitled to a directed verdict if Dr. Bedrossian did not offer his specific causation opinion at trial, ECF No. 212 at 172:1–16;[1] and

- o Because plaintiffs have relied on Dr. Bedrossian's specific causation testimony in opposing Air and Liquid System's motion for summary judgment, and the court has now determined that Dr. Bedrossian's specific

---

[1] Plaintiffs' response in opposition to Air and Liquid Systems's motion for summary judgment also contained a section that did not discuss Dr. Bedrossian's opinions in arguing that "the record contains sufficient evidence for a reasonable jury to conclude that exposure to asbestos from [Air and Liquid Systems's products] was a substantial cause of Mr. Haskins's mesothelioma." ECF No. 186 at 13–17. However, this section appears to have been directed at Air and Liquid Systems's arguments that the record evidence did not work around Air and Liquid Systems's products for a significant period of time. ECF No. 184 at 12–14. Moreover, even if this argument was intended to suggest that plaintiffs could survive summary judgment without Dr. Bedrossian's specific causation testimony, it was made before plaintiffs abandoned this position at the February 28, 2017 Daubert hearing. ECF No. 212 at 172:1–16.

causation testimony is not admissible, the court finds that Air and Liquid Systems is entitled to summary judgment.

Therefore, the court **DENIES** plaintiffs' motion to reconsider the Order and **GRANTS** Air and Liquid Systems's motion for summary judgment.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 18, 2017**
**Charleston, South Carolina**

4